

# THE ATTORNEY GENERAL
## OF TEXAS

May 13, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. J. F. Flack  ·
Harris County Auditor
800 County Administration Bldg.
1001 Preston
Houston, Texas   77002

Opinion No.  JM-695

Re:  Compensation for criminal district judges while sitting as magistrates

Dear Mr. Flack:

We are in receipt of a copy of a letter from the Harris County Attorney in which he declines to answer your questions.  See Govt. Code §41.007.  We accept your request for an opinion on the issues presented as follows:

> (1)  The District Judges trying criminal cases in Harris County are currently sitting as magistrates, on a rotating basis, during all weekends and holidays.  Those judges are not receiving any additional compensation for that service.  Can Harris County pay those judges additional compensation and/or benefits for that service, and if so, would the state reduce the compensation to the District Judges under the authority of article 4 of the Appropriation Bill?
>
> (2)  Can the District Judges trying criminal cases be allowed additional compensation for performing judicial magistrate functions during non-scheduled district court hours seven days a week?

Section 32.101 of the Government Code states:

> (a)  The Commissioners Court of Harris County shall budget for and pay the judges of the district courts having jurisdiction in that county an annual salary of not less than $12,000 nor more than $25,000 for judicial and administrative services.
>
> (b)  The salary shall be paid in equal monthly installments from the county general fund or officers' salary fund.

(c)  The salary is in addition to the salary
paid by the state.

Section 1 of article 6813b, V.T.C.S., "Salaries of state officers
and employees for biennium; exceptions," provides:

All salaries of all State officers and State
employees, including the salaries paid any
individual out of the General Revenue Fund, <u>shall
be in such sums or amounts as may be provided for
by the Legislature in the biennial Appropriations
Act.</u>  It is further provided that in instances
where the biennial Appropriations Act does not
specify or regulate the salaries or compensa-
tion of a State official or employee, the law
specifying or regulating the salary or compensa-
tion of such official or employee is not suspended
by this Act.  (Emphasis added).

The biennial appropriations act for the period beginning
September 1, 1985 and ending August 31, 1987 (Acts 1985, 69th Leg.,
ch. 980, art. IV, at budget 437) sets the salary to be paid a district
judge at $54,500 per year.

In your letter you state that "Harris County District Judges
currently receive $1,000.00 less annually than the appellate court
justices."

The General Appropriations Act (Acts 1985, 69th Leg., ch. 980,
art. IV, at budget 442) contains the following:

Sec. 2.  Salary Differential for District Court
Judges and Justices of Courts of Appeals.  <u>District
Court Judges may receive a combined yearly salary
rate from state and county sources which is One
Thousand Dollars ($1,000) less than the combined
yearly salary rate from state and county sources
received by Justices of the Courts of Appeals
in whose district the District Court is located.</u>
Justices of the Courts of Appeals may receive a
combined yearly salary rate from state and county
sources which is One Thousand Dollars ($1,000) less
than the yearly salary provided in this Act for an
Associate Justice of the Supreme Court and the
Court of Criminal Appeals.  In the case of Chief
Justices of the Courts of Appeals, the differential
shall be five hundred dollars ($500).

In order that the differential set out above be
maintained, each District Court Judge and Justice
of the Courts of Appeals shall file a sworn

statement with the Comptroller of Public Accounts setting forth the yearly amounts to be received from state and county as salary payments during the ensuing fiscal year. Amended statements shall be filed setting forth any change in the salary rate which occurs during a fiscal year.

For the purpose of salary payments by the state, the Comptroller of Public Accounts shall determine from the filed statements that the required salary differential set out above is maintained. In the event a salary is in excess of the One Thousand Dollars ($1,000) differential, the Comptroller is directed to reduce the state's portion of that salary by the amount of excess, except in the case of the Chief Justices in the Courts of Appeals where the differential shall be Five Hundred Dollars ($500).

The appropriations for salaries of District Court Judges and Justices of Courts of Appeals are made contingent upon strict compliance with the provisions of this section and the Comptroller shall have no authority to issue a warrant for salaries which violate these provisions. (Emphasis added).

Since Harris County judges are currently receiving a combined salary from the state and county which is $1,000.00 less than that of the appellate court justices, it is our opinion that Harris County may not pay the district judges any additional salary or compensation for sitting as magistrates during weekends, holidays and nonscheduled district court hours that would not result in a corresponding reduction in the state's portion of the salary. In the event that the judges' salaries rise above the $1,000.00 differential, we are of the opinion that the comptroller is required to reduce the state's portion of the salaries by the amount of the excess.

You call our attention to section 32.303 of the Government Code, which authorizes:

The commissioners courts of Bexar, Dallas, Harris, and Tarrant counties may pay the judges of the district courts in their counties an automobile allowance in an amount set by the commissioners court for automobile expenses incurred in performing official duties.

We are of the opinion that you are correct in concluding the automobile allowance would not be considered supplemental salary paid

by Harris County, but would be an amount <u>for an expense incurred in performing official duties</u>.

### S U M M A R Y

Since the District Judges of Harris County are currently receiving a combined yearly salary (from the state and the county) which is only $1,000.00 less than the combined yearly salary received by the Justices of the Courts of Appeals (in whose district the district courts are located), Harris County may not pay the district judges additional compensation or salary for sitting as magistrates during weekends, holidays and nonscheduled district court hours under the appropriations act (Acts 1985, 69th Leg., ch. 980, art. IV, at budget 442) that would not result in a corresponding reduction in the state's portion of the salary. In the event the salary or compensation rises above the $1,000.00 differential, it is the duty of the comptroller, under the biennial appropriations act, to reduce the state's portion of that salary or compensation by the amount of the excess.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General